Submitted November 1, 2013, reversed and remanded January 23, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS LUKE CHAMBERY,
*Defendant-Appellant.*

Lane County Circuit Court
201208452; A151995

320 P3d 640

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for one count of first-degree burglary, two counts of fourth-degree assault, and one count of menacing, arguing that the trial court violated his right to self-representation under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution when it denied his request to proceed *pro se* on the morning of trial. Prior to *voir dire*, defendant's counsel informed the court that defendant had indicated that he would like to act as his own lawyer. The court summarily denied defendant's request.

"When a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one." *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991). "The court must also determine whether granting the defendant's request would disrupt the judicial process." *Id.*

The state concedes that the court failed to make a record as to whether defendant's decision was an "intelligent and understanding one," and whether "granting * * * defendant's request would disrupt the judicial process." *See State v. Miller*, 254 Or App 514, 523-24, 295 P3d 158 (2013) (holding that the trial court committed error when it denied the defendant's self-representation request without referring to, or purporting to base its decision on, any anticipated disruption of the judicial process). The state further concedes that the trial court's failure to do so in this case requires us to reverse and remand for a new trial. We agree, accept the state's concession, and reverse and remand for a new trial.

Reversed and remanded.