412 April 27, 2017 No. 25

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*

*v.*

GREGORY LEON HIGHTOWER,
aka Gregory Leon Hightower, Sr.,
*Petitioner on Review.*

(CC 120632737; CA A154220; SC S063924)

On review from the Court of Appeals.*

Argued and submitted September 23, 2016.

Ernest G. Lannet, Chief Defender, Salem, argued the cause and filed the briefs for petitioner on review.

Erin K. Galli, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Brewer, and Nakamoto, Justices.**

LANDAU, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____

    * Appeal from Multnomah County Circuit Court, Edward J. Jones, Judge. 275 Or App 287, 364 P3d 29 (2015).

    ** Baldwin, J., retired March 31, 2017, and did not participate in the decision of this case.

**LANDAU, J.**

The issue in this case is the scope of a criminal defendant's right to self-representation when that right is invoked in the middle of trial. We hold that, although Article I, section 11, of the Oregon Constitution establishes a criminal defendant's right to represent himself or herself in a criminal proceeding, the right is not unqualified. In particular, when the right is asserted well after trial commences, the trial court retains discretion to weigh its exercise against the constitutional obligation to preserve the integrity and fairness of the proceeding, as well as the court's interest in ensuring an orderly and expeditious trial. If a trial court exercises that discretion to deny a defendant's motion for self-representation, it should make a record that reflects how it exercised that discretion.

In this case, the trial court concluded that defendant had no right to seek self-representation mid-trial. The Court of Appeals affirmed on the ground that the trial court's decision reflected an "apparent" concern about potential disruption of the trial and, because of that concern, did not amount to an abuse of discretion. *State v. Hightower*, 275 Or App 287, 293, 364 P3d 29 (2015). We conclude that the trial court erred as a matter of law in concluding that a defendant may not assert the right to self-representation once trial has commenced. Accordingly, we reverse the decisions of the trial court and Court of Appeals and remand to the trial court for further proceedings.

The relevant facts are not in dispute. Defendant was charged with a number of sex offenses, based on evidence that he sexually abused a 16-year-old girl and forced her and her 18-year-old step-sister into prostitution. Defendant asked for court-appointed counsel, and the court granted the request.

Defendant was less than enthusiastic about his court-appointed counsel. He asked the court to replace the lawyer several times, but, each time, the court declined, explaining that defendant's various complaints about his lawyer amounted to disagreements about trial strategy.

During the first three days of the trial itself, during the state's case-in-chief, defendant repeatedly complained about defense counsel's actions, questioning his performance, instructing him to ask further questions, and attempting to object to witness testimony. The trial court responded by telling defendant to be quiet and twice warning that it would send defendant out of the courtroom if he did not stop objecting.

On the fourth day of trial, defendant stated that he wished to represent himself so that he could present evidence that counsel had refused to offer. The trial court did not rule on his request to represent himself, responding, "It's the lawyer's job to decide what evidence is presented. So it's [defense counsel's] call. *** He gets to decide." Later that day, defendant again moved to represent himself; the trial court again denied defendant's motion, saying, "All right. Here's the thing, *** you don't change horses in the midstream. And even though you have a right in some sense under some circumstances to defend yourself, in the middle of a trial I'm not going there." When defense counsel argued that "one of his rights is if he wants to represent himself, he gets that right," the trial court responded, "Well, actually not." The court told defendant, "I understand you're asking at this point to get rid of [defense counsel] and take over the defense of the case on your own. I'm denying you that right to do that."

Later, defendant renewed his motion to represent himself. Defense counsel asked the court to "make a clearer ruling" and the court again denied the motion. When defense counsel pressed the court for a reason, the court responded,

> "Well, I'm not going to take you off the case. I'm not going to right in the middle of the trial and change where we are. Certainly people have a right to represent themselves, but it doesn't start in the middle of the trial, or indeed at the beginning of the defense case."

Defense counsel again argued that "in the absence of a finding that removing me would be disruptive, I think the court has an absolute obligation to do so." The court again denied the motion, saying, "[W]e'll have to disagree on that, then.

I'm confident that despite [defendant's] desires, he's not actually in a position to represent himself, so I'm going to deny that motion."

The state rested, and defense counsel moved for judgment of acquittal, at which point defendant again interjected with his own reasoning. Counsel again asked the court to allow defendant to represent himself. Counsel argued that defendant "would be best served if you allowed him to represent himself, and the disruptions to the Court would be significantly diminished if not completely eliminated." Again, the court denied the motion, saying "Well, I'm not going to."

Defendant was ultimately convicted on seven counts and sentenced on each count to life in prison without the possibility of parole pursuant to ORS 137.719.

Defendant appealed, arguing that the trial court erred in denying his motions for self-representation. At the least, defendant argued, the court erred in denying his requests in the absence of findings that, for instance, allowing him to represent himself would be disruptive. The Court of Appeals affirmed. The court explained that the Article I, section 11, right to self-representation is not unqualified. *Hightower*, 275 Or App at 292. Among other things, the Court of Appeals said, a trial court may decline to grant a motion for self-representation if it determines that the decision to waive the right to counsel is not "intelligent and understanding" or if it would result in "disruption of the orderly conduct of the trial." *Id.* In this case, the Court of Appeals noted that, although the trial court had categorically rejected the notion that a defendant could "change horses in the midstream," the court also had previously threatened to remove defendant for his disruptive behavior. *Id.* at 293. "Thus, it is apparent," the Court of Appeals commented, "that the court's overriding concern was that granting defendant's self-representation request in the middle of trial would have disrupted the orderly conduct of the proceedings." *Id.* As a result, it concluded that the trial court did not abuse its discretion in denying defendant's motion. *Id.* at 294.

On review, defendant argues to this court that the Court of Appeals erred. Defendant acknowledges that, at least once trial has begun, the right to self-representation is "not absolute." He nevertheless contends that, as a matter of law, a trial court is required to grant a request for self-representation unless defendant has engaged in "[d]eliberate and serious" interference with counsel's representation or "serious misconduct that thwarts the progression of trial." At the least, defendant argues, the trial court cannot deny a motion for self-representation without making findings that enable a reviewing court to determine whether there was an appropriate exercise of discretion.

For its part, the state contends that a criminal defendant must choose whether to be represented by counsel or to self-represent. By choosing one, the state asserts, the defendant necessarily relinquishes the other. Moreover, the state argues that a criminal defendant must make that choice before trial begins. In the state's view, Article I, section 11's purpose of "allowing the defendant a choice of how to present his defense at trial *** can be fully vindicated only if it is exercised before trial." At best, the state argues, if the right of self-representation is not asserted until after trial has begun, a trial court's decision to deny the right is reviewed for an abuse of discretion. In this case, the state concludes, given defendant's prior disruptive behavior, the trial court did not abuse its discretion in denying his motion to represent himself.

Article I, section 11, enumerates a number of rights that attach "[i]n all criminal prosecutions." Among those rights is that the accused is entitled "to be heard by himself and counsel." This court has long held that the right "to be heard by" oneself includes the right to self-representation at trial. As explained in *State v. Butchek*, 121 Or 141, 153, 253 P 367 (1927), "[t]he Constitution guarantees to a defendant the right to be heard by himself and counsel, but it does not force counsel upon him." *See also Johnson v. Premo*, 355 Or 866, 872, 333 P3d 288 (2014) ("[A]n individual litigant generally has the right to represent himself or herself in court.").

The right to self-representation is the counterpart to the right to be represented by counsel at trial. *See State*

*v. Rogers*, 330 Or 282, 297, 4 P3d 1261 (2000) ("The Oregon Constitution establishes that right in conjunction with the right to be heard by counsel."). That is to say, the two rights are mutually exclusive. *See State ex rel Ott v. Cushing*, 289 Or 705, 709, 617 P2d 610 (1980) ("[T]he right of a defendant to the assistance of counsel carries with it the correlative right to dispense with such assistance."). The accused in a criminal trial has a choice either to be represented by counsel or to represent himself or herself. Article I, section 11, does not grant a right to so-called "hybrid representation." *State v. Stevens*, 311 Or 119, 124-25, 806 P2d 92 (1991) ("[A] defendant has no constitutional right to hybrid representation.").

It necessarily follows that, by asserting the right to counsel, a defendant waives the right to self-representation. And, by waiving the right to counsel, a defendant necessarily asserts the right to self-representation. *See, e.g.*, *State v. Langley*, 351 Or 652, 665, 273 P3d 901 (2012) ("A defendant may also elect to waive his or her right to counsel and proceed *pro se*."). That is precisely why a valid waiver of the right to counsel must be preceded by a warning concerning the "dangers and disadvantages of self-representation." *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). In that sense, the state is correct in characterizing the relationship between the rights.

But that does not mean that, once the right to counsel or the right to self-representation has been invoked, the correlative right has been forever relinquished. Nothing prevents a defendant who has invoked the right to counsel or the right to self-representation from later waiving that right. *E.g.*, *State v. Turnidge*, 359 Or 364, 400, 374 P3d 853 (2016) (nothing prevents a suspect from waiving a previously asserted right to counsel).

That said, the right to waive is not absolute and unqualified. For one thing, a waiver of the Article I, section 11, right to counsel or to self-representation must be knowing and voluntary. *Meyrick*, 313 Or at 133. For another, the timing of a defendant's waiver matters. In particular, once a trial has begun, a number of interests other than the defendant's Article I, section 11, rights come into play. Among those are the trial court's overriding obligation to ensure the

fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner. *See* ORS 1.010(3) (every court of justice has power "[t]o provide for the orderly conduct of proceedings before it"). As this court explained in *Rogers*,

> "A trial court's authority to exercise reasonable discretion to ensure that the trial is orderly and expeditious does not evaporate when the parties assert their constitutional rights during trial. \*\*\* Rather a trial court is obliged to accommodate the exercise of all pertinent constitutional and statutory rights by all parties within the context of an orderly and expeditious trial. \*\*\* Nothing in the text of Article I, section 11, suggests that the framers intended that a defendant's right to be heard 'by himself' should override the court's authority and responsibility to conduct the trial as an orderly and expeditious proceeding."

330 Or at 301 (internal citations omitted); *see also State v. Harrell/Wilson*, 353 Or 247, 261, 297 P3d 461 (2013) (noting that "[t]rial courts generally possess broad discretion to ensure that the proceedings before them are orderly and expeditious" in considering a defendant's mid-trial waiver of right to a jury trial). In light of those additional interests that are triggered by the commencement of trial, any invocation of the right to counsel or to self-representation that occurs after that time is subject to the court's discretion. *Id.*; *see also State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992) (ruling on substitution of counsel motion reviewed for abuse of discretion).

In short, if a defendant who has previously asserted the right to counsel waits until well into the conduct of trial to attempt to waive that right and proceed *pro se*, he or she has not necessarily relinquished permanently the right to self-representation, as the state suggests. But the trial court's decision concerning the defendant's request is subject to appellate review for an abuse of discretion, in light of all other relevant interests that come into play at the commencement of trial. For example, a trial court may exercise its discretion to deny a motion for self-representation that is conditioned on the grant of a continuance. Or it may reasonably deny the motion if it has reason to conclude that granting the motion would result in disruption of proceedings.

We note in passing that our conclusion in that regard is consistent with the nearly uniform view of other courts that have addressed the matter—state and federal. All but a few state constitutions include the same guarantee of a right to self-representation that is contained in Article I, section 11. *See Stevens*, 311 Or at 124 (so noting). And the uniform view among courts interpreting those state constitutional guarantees is that a mid-trial assertion of the right of self-representation is reviewed for an abuse of discretion, in light of the other interests that a trial court is obligated to take into account once trial has commenced.[1]

---

[1] *See, e.g.*, *Upshaw v. State*, 992 So 2d 57, 61 (Ala Crim App 2007) (right of self-representation becomes qualified once trial commences); *Brewer v. State*, 55 P3d 749, 753 (Alaska Ct App 2002) (a judge "may deny a defendant's last-minute request for self-representation when granting the request would necessarily delay the trial and the tardiness of the request is due to the defendant's lack of diligence in pursuing the issue of self-representation"); *State v. Lamar*, 205 Ariz 431, 436, 72 P3d 831, 836 (2003), *supplemented*, 210 Ariz 571, 115 P3d 611 (2005) (request is considered timely if it is made "before meaningful trial proceedings have commenced"); *People v. Lynch*, 50 Cal 4th 693, 722, 237 P3d 416, 437 (2010) (abuse of discretion standard for motion made after trial begins); *People v. Vialpando*, 954 P2d 617, 620 (Colo App 1997) (if request is not made in a timely fashion, court must "determine whether the request is made for purposes of delay or to gain tactical advantage, and whether the lateness of the request may hinder the administration of justice"); *State v. Pires*, 310 Conn 222, 253, 77 A3d 87, 107 (2013) (abuse of discretion standard); *Williams v. State*, 56 A3d 1053, 1055-56 (Del 2012) ("After a trial has begun, the right of self-representation may be curtailed, and the trial judge considering the motion must weigh the legitimate interests of the defendant against the prejudice that may result from the potential disruption of the proceedings already in progress."); *McCray v. State*, 71 So3d 848, 870 (Fla 2011) (abuse of discretion standard for motion made after trial begins); *Tyner v. State*, 334 Ga App 890, 893, 780 SE2d 494, 498 (2015) (allowing self-representation mid-trial if waiver of right to counsel is knowing and voluntary); *State v. Reber*, 138 Idaho 275, 278, 61 P3d 632, 634-35 (Ct App 2002) (abuse of discretion standard); *People v. Burton*, 184 Ill 2d 1, 24, 703 NE2d 49, 60 (1998) (same); *Stroud v. State*, 809 NE2d 274, 279 (Ind 2004) (holding that "request [to proceed *pro se*] must be clear and unequivocal, and it must be [made] within a reasonable time prior to the first day of trial"); *State v. Wehr*, 852 NW2d 495, 501 (Iowa Ct App 2014) (request made prior to the jury being impaneled was timely); *State v. Collins*, 257 Kan 408, 415, 893 P2d 217, 221 (1995) (abuse of discretion standard for motion made after trial began); *Swan v. Com*, 384 SW3d 77, 94 (Ky 2012) (request made one week before trial was timely); *State v. Brown*, 342 Md 404, 415, 676 A2d 513, 518 (1996) (abuse of discretion standard); *Com v. Chapman*, 8 Mass App Ct 260, 265, 392 NE2d 1213, 1217 (1979) (request is timely if made before jury is empanelled); *State v. Blom*, 682 NW2d 578, 613 (Minn 2004) (balancing test required if request is made after trial begins); *State v. Black*, 223 SW3d 149, 153 (Mo 2007) (requiring timely assertion of right); *Watson v. State*, 130 Nev Adv Op 76, 335 P3d 157, 171 (2014) (request is timely if it "is clear that the request comes early enough to allow the defendant to prepare for trial without need for a continuance"); *State v. Sweeney*, 151 NH 666, 671, 867 A2d 441, 448 (2005) (timeliness of motion is

The United States Supreme Court recognized a similar right to self-representation implicit in the Sixth Amendment in *Faretta v. California*, 422 US 806, 814, 95 S Ct 2525, 45 L Ed 2d 562 (1975). Since *Faretta* was decided, most federal appellate courts likewise have concluded that a trial court's disposition of a mid-trial request for self-representation is reviewed for an abuse of discretion.[2]

---

not dispositive in ruling on defendant's motion); *State v. Garcia*, 149 NM 185, 194, 246 P3d 1057, 1066 (NM 2011) (reviewing denial of request made during trial for abuse of discretion); *State v. Torkelsen*, 2008 ND 141 ¶ 43, 752 NW2d 640, 655 (2008) (same); *Naum v. State*, 1981 OK CR 76, 630 P2d 785, 788 (1981) (same); *Com v. Brooks*, 628 Pa 524, 539, 104 A3d 466, 475 (2014) (same); *State v. Winkler*, 388 SC 574, 586, 698 SE2d 596, 602 (SC 2010) (same); *State v. Hester*, 324 SW3d 1, 30-31 (Tenn 2010) (requiring timely invocation of right); *O'Brien v. State*, 482 SW3d 593, 622 (Tex App-Houston 2015), *petition for discretionary rev granted* (May 4, 2016) (abuse of discretion standard for motion after trial has begun); *State v. Bean*, 171 Vt 290, 297, 762 A2d 1259, 1264 (2000) (same); *Thomas v. Com*, 260 Va 553, 559, 539 SE2d 79, 82 (2000) (same); *State v. Brown*, 177 W Va 633, 638, 355 SE2d 614, 619 (1987) (same); *Hamiel v. State*, 92 Wis 2d 656, 673, 285 NW2d 639, 649 (1979) (same); *Scott v. State*, 2012 WY 86, ¶ 16, 278 P3d 747, 753 (2012) (same).

[2] *See, e.g.*, *United States v. Zhen Zhou Wu*, 711 F3d 1, 33 (1st Cir 2013) ("A district court considering a mid-trial request to proceed pro se must balance the legitimate interests of the defendant in self-representation against the potential disruption of the proceedings already in progress." (Internal quotation marks omitted.)); *United States v. Walker*, 142 F3d 103, 108 (2d Cir 1998) (once trial has begun, court must balance defendant's interests against the integrity of proceedings); *United States v. Bankoff,* 613 F3d 358, 373 (3d Cir 2010) (mid-trial request to proceed *pro se* left to trial court's discretion); *United States v. Barefoot*, 754 F3d 226, 233 (4th Cir 2014) ("Once trial has begun under the stewardship of counsel, the necessity that it proceed efficiently, without inconvenience, delay, or confusion of the jury," gives the trial court discretion to deny a motion to proceed *pro se*.); *United States v. Sanders*, 843 F3d 1050, 1054 (5th Cir 2016) ("[T]he right to self-representation is limited by the trial court's responsibility to prevent delay and other obstructionist behavior."); *United States v. Powell*, 847 F3d 760, 774 (6th Cir 2017) ("A defendant must assert the right to self-representation * * * in a timely manner, and 'courts will balance any such assertion against considerations of judicial delay.'"); *United States v. Kosmel*, 272 F3d 501, 506 (7th Cir 2001) ("[O]nce trial commences, the district court retains discretion to balance the interests of the defendant against the potential disruption of the proceedings already in progress."); *United States v. Wesley*, 798 F2d 1155, 1155-56 (8th Cir 1986) ("Once trial commences, that right is subject to the trial court's discretion which requires a balancing of the defendant's legitimate interests in representing himself and the potential disruption and possible delay of proceedings."); *Burton v. Davis*, 816 F3d 1132, 1144 (9th Cir 2016) ("A motion made after [trial commences] is addressed to the sound discretion of the trial court."); *United States v. Tucker*, 451 F3d 1176, 1183 (10th Cir 2006); *United States v. Young*, 287 F3d 1352, 1354 (11th Cir 2002); *United States v. Washington*, 353 F3d 42, 46 (DC Cir 2004). *See generally* John F. Decker, *The Sixth Amendment Right to Shoot Oneself in the Foot: An Assessment of the Guarantee of Self-Representation Twenty Years After* Faretta, 6 Seton Hall Const. L.J. 483 (1996) (collecting cases).

Two additional matters deserve mention: First, the record must include some indication of how the trial court actually weighed the relevant competing interests involved for an appellate court to be able to determine whether the trial court abused its discretion in ruling on a request to waive the right to counsel and proceed *pro se*. As this court explained in *State v. Guzek*, 358 Or 251, 269, 363 P3d 480 (2015), "[appellate] review is better facilitated by a record of findings that is direct, express, and clearly delineated." Nevertheless, such express findings are not required, so long as the record reveals the reasons for the trial court's actions. *Id.* It is not sufficient that an appellate court may be able to speculate about what *might* have been the trial court's rationale for its decision.

Second, although the trial court's decision in response to a request for self-representation is ordinarily a matter of discretion, in some cases, that decision may be predicated on certain subsidiary determinations—either findings of fact or conclusions of law—that trigger their own standards of review. *See Oakmont, LLC v. Dept. of Rev.*, 359 Or 779, 789, 377 P3d 523 (2016) ("In reviewing a ruling for abuse of discretion, it can be important to distinguish the factual and legal issues that underlie an agency or a trial court's exercise of discretion."). So, for example, if a court's decision as to whether to grant a request for self-representation turns on the court's legal conclusions as to the scope of the right, that determination is reviewed for errors of law. *See State v. Sarich*, 352 Or 601, 615, 291 P3d 647 (2012) (legal determinations that are predicates for the exercise of discretion are reviewed for errors of law).

With the foregoing principles in mind, we turn to the trial court's decision in this case. The court's comments in response to defendant's motion reflect an understanding that, once trial commenced, defendant had forfeited the right to waive his right to counsel and proceed *pro se*. When defendant moved to represent himself, the trial court replied, "Here's the thing, \*\*\* you don't change horses in the midstream." When defense counsel insisted that "one of [defendant's] rights is if he wants to represent himself, he gets that right," the trial court responded, "Well, actually

not." The court told defendant, "I understand you're asking at this point to get rid of [defense counsel] and take over the defense of the case on your own. I'm denying you that right to do that." Later in the trial, when defendant renewed his motion, defense counsel asked the court to "make a clearer ruling," and the court again denied the motion. When defense counsel pressed the court for a reason, the court responded, "Certainly people have a right to represent themselves, but it doesn't start in the middle of the trial, or indeed at the beginning of the defense case."

Those statements do not reflect an exercise of discretion or any finding that granting the motion would significantly delay or disrupt the trial. Rather, as we have noted, they appear to reflect an impression that the law simply does not permit a defendant to waive the right to counsel and proceed *pro se* once trial has commenced. That, as we have explained, is incorrect as a matter of law.

The state argues that, given the stage of the proceedings and defendant's prior record of disruptive behavior, "the trial court reasonably could have" determined that the interest in orderly and expeditious trial outweighed any prejudice to defendant's right to self-representation. But the test is not whether the court "reasonably could have" made that determination. The test is whether the record reflects that the trial court's actual decision amounted to a reasonable exercise of its discretion.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.