Submitted August 2, reversed and remanded October 9, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BASIR NOORZAI,
*Defendant-Appellant.*

Washington County Circuit Court
17CR69822; A167594

452 P3d 1071

Andrew R. Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of fourth-degree assault constituting domestic violence, ORS 163.160(3), and two counts of harassment, ORS 166.065(3), raising three assignments of error. In his first assignment, he contends that the trial court erred when it denied his request to represent himself at trial in violation of his right to self-representation provided under Article I, section 11, of the Oregon Constitution.[1] Defendant argues that the court did not base its denial on a legally permissible basis and that a denial is not supported by the record. He seeks a new trial.

We have previously explained that the right of self-representation is not absolute:

> "'When a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one.' *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991). Further, the court must 'determine whether granting the defendant's request would disrupt the judicial process.' *Id*. (citing [*State v.*] *Verna*, 9 Or App [620, 627, 498 P2d 793 (1972)]."

*State v. Miller*, 254 Or App 514, 523, 295 P3d 158 (2013). Here, defendant argues that the trial court did not assess whether his decision was an intelligent and understanding one and did not consider whether he was likely to disrupt the proceedings if he represented himself. Rather, he contends, the court impermissibly refused to let him represent himself based on the court's assessment that defendant had a good lawyer, he lacked legal training, and self-representation would not be in his best interest.

The state agrees with defendant that, on the record here, the court failed to determine whether defendant's decision was an intelligent and understanding one, and it denied defendant's request based solely on impermissible reasons. The state concedes that we should reverse the judgment and remand. *See Miller*, 254 Or App at 524 (erroneous

---

[1] Article I, section 11, of the Oregon Constitution states, in part, "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel."

denial of request for self-representation required reversal and remand).

We agree that, based on the record here, the trial court erred in denying defendant's request to represent himself. We therefore accept the state's concession and reverse and remand. Our disposition of defendant's first assignment of error obviates the need to address his remaining assignments of error.

Reversed and remanded.