Argued and submitted April 30, 2018, reversed and remanded
December 18, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SKYLER IAN GLASBY,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF150679; A161506

456 P3d 305

In this criminal case, defendant argues that the trial court violated his right to self-representation under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution when it denied his request to represent himself during a pretrial hearing. The state asserts that the court properly understood defendant's statements to be requests for new counsel, not an invocation of his right to self-representation. *Held*: The trial court erred in summarily denying defendant's request for self-representation. When faced with a request for self-representation, the record must include some indication of how the trial court actually weighed the relevant competing interests involved.

Reversed and remanded.

Lynn W. Hampton, Judge.

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

POWERS, J.

Reversed and remanded.

_____
  * Egan, C. J., *vice* Garrett, J. pro tempore.

**POWERS, J.**

In this criminal case, defendant appeals a judgment convicting him of multiple offenses,[1] arguing that the trial court violated his right to self-representation under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution when it denied defendant's request to represent himself during a pretrial hearing. In response, the state argues that the trial court properly understood defendant's statements to be requests for new counsel, not an invocation of his right to self-representation. As explained below, we agree with defendant's position and, accordingly, reverse and remand for a new trial.[2]

A trial court's ruling on a defendant's request to represent him or herself "is subject to appellate review for an abuse of discretion, in light of all other relevant interests that come into play at the commencement of trial." *State v. Hightower*, 361 Or 412, 418, 393 P3d 224 (2017). "[T]he record must include some indication of how the trial court actually weighed the relevant competing interests involved for an appellate court to be able to determine whether the trial court abused its discretion in ruling on a request to waive the right to counsel and proceed *pro se*." *Id.* at 421. If, however, "the trial court's decision is predicated on a subsidiary conclusion of law—for example, a legal conclusion about the scope of the right—we review that determination for legal error." *State v. Nyquist*, 293 Or App 502, 503, 427 P3d 1137 (2018).

The relevant facts are undisputed. Defendant raised concerns about his defense counsel during a pretrial hearing on October 15, 2015. Defendant expressed frustration with being unable to communicate with his counsel and asked, "Is there any way I can have another representation,

---

[1] A jury found defendant guilty of first-degree kidnapping, second-degree kidnapping, second-degree robbery, second-degree assault, unlawful possession of hydrocodone, third-degree escape, and second-degree theft. The jury found defendant not guilty of first-degree robbery, second-degree robbery, and unlawful use of a weapon.

[2] Given our disposition on his assignments of error related to his request to represent himself, we do not address the remaining assignments of error in his opening brief or the arguments raised in defendant's supplemental opening brief.

with all due respect?" After listening to defendant's complaints about the lack of communication from his defense counsel, the court then assured defendant that, as his case came closer to trial, it would likely assume "higher priority." The court asked defendant to give his counsel an opportunity, and to bring the matter to the court's attention if defendant still had concerns.

On October 28, 2015, during defendant's second pretrial hearing, defendant once again raised frustrations with his defense counsel. Specifically, defendant complained that his counsel was not filing defendant's requested motions or subpoenaing his requested witnesses. Defendant made a request to be represented by new counsel:

> "[DEFENDANT]:  And if I can—if I can, what we talked about last time, I've called every day, all due respect to the Counsel, I'm trying to be respectful here, I've called every day, he will not come see me. *** I'm not saying anything bad about him, maybe he has a big caseload, but I—please can I be represented by a—and I will sign a waiver. I need to—I need to be represented by someone that will come see me and take this, my case, a little more serious. Because every day I—he hasn't told me whether he's going to file my motions or anything."

In response, the court questioned defendant's counsel regarding the allegations. Defendant's counsel admitted to not having had time to thoroughly explain to defendant his reasons for believing defendant's motions had no merit, but ultimately promised to see defendant soon to discuss his legal opinions. The court accepted defense counsel's promise, but defendant did not.

> "[DEFENDANT]:  Your Honor, the honest truth is I've seen him once for five minutes, before the court—the pretrial court date. *** I call—every single day I call, and I cannot hear from him. He won't tell me anything. At this point, I feel like I need to represent myself because I do not feel comfortable. And this is very important to me, and I would rather represent myself in court, which I know it's going to be harder to do, but I have—at this point, that's all I feel I can do, because I need to be represented by someone else. I'm sorry."

At that point, the court requested a sidebar with the attorneys and attempted to gain clarity as to the types of motions defendant wanted to bring. After hearing from defendant's counsel, the court explained to defendant that his requested motions were "not well-founded in law" and that his counsel would see defendant soon to explain his reasoning. The court then denied defendant's request for new counsel.[3]

The trial court proceeded with the hearing, intending to arraign defendant on new charges. Before the court could begin the arraignment, however, defendant interrupted and again expressed a desire to represent himself. The following exchange took place between defendant and the court:

"[DEFENDANT]:  *** And, Your Honor, before we go any [further], I need at this point, because I have many witnesses to call, and I have not been able to talk to them about this, I have to represent myself at this point. I'm sorry for the—

"[THE COURT]: You're not representing yourself, [defendant]. You are [] represented by Counsel. You can bring matters—

"[DEFENDANT]:  Okay.

"[THE COURT]:   —to my attention, if you wish. What is it that you wish to bring to my attention?

"[DEFENDANT]:  Okay, I would like to bring this to your attention. I'm sorry, this is really important to me. When we go over discovery, and I say—I said to Counsel, you see right here where they ask for a search warrant and they asked three times for affidavits and they ask for your signature on there, there's no signature. There's no signature on any of these documents. That, to me, is merit to file for an illegal search. ***

"*** I need—I'm sorry, but I—I don't want to represent myself, but I need to be.

_____

[3] If this had been the final exchange between defendant and the trial court— with defendant effectively accepting the court's deferral of its consideration of his request for self-representation—the facts would more closely resemble those in *State v. Brooks*, 301 Or App 419, 456 P3d 665 (2019). In this case, however, the colloquy between defendant and the court continued in which, as explained below, defendant made a further, unambiguous request for self-representation.

"[THE COURT]:   Was this a warrant, perhaps it was obtained by Judge Hill and signed electronically?"

The court addressed defendant's concerns regarding an unsigned warrant but did not otherwise address defendant's request to represent himself. Defendant proceeded to trial and was convicted by a jury on seven of the ten charges.

On appeal, defendant argues that the court erred in summarily denying defendant's request to represent himself during the pretrial hearing on October 28, 2015.[4] Defendant contends that, rather than addressing his request to represent himself, the court responded instead by trying to "resolve defendant's underlying problem[s] with counsel." The state argues that, in the totality of the circumstances, the trial court did not err in concluding that defendant was not seeking to represent himself. The state points to defendant's contrary statements made in conjunction with requesting to represent himself, *e.g.*, "I don't want to represent myself, but I need to be." The state further argues that, when defendant's statements are viewed in context, his statements do not demonstrate that he was asking to represent himself, but rather asking for substitute counsel. As explained below, we conclude that the colloquy between defendant and the court triggered the court's obligation to engage in an on-the-record assessment of defendant's request for self-representation.

Under Article I, section 11, of the Oregon Constitution, "[a] defendant in a criminal case has the constitutional right not only to be represented by counsel, but also, if he so elects, to represent himself."[5] *State v. Verna*, 9 Or App 620, 624, 498 P2d 793 (1972). However, "the two rights are mutually exclusive," and a defendant must choose either to be represented by counsel or proceed without counsel. *Hightower*, 361 Or at 417 ("It necessarily follows that, by asserting the right to counsel, a defendant waives

---

[4] Defendant also assigns error to the court's denial of the request to represent himself during defendant's pretrial hearing to address his motion for substitute counsel on November 23, 2015. However, our resolution of defendant's first assignment of error obviates any need to address defendant's remaining assignments of error or his contention under the Sixth Amendment.

[5] Article I, section 11, provides in part, "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel ***."

the right to self-representation. And, by waiving the right to counsel, a defendant necessarily asserts the right to self-representation.").

The right to represent oneself is not absolute; the trial court must deny a request of the right to self-representation if such request is not knowing or voluntary. *Id.* Additionally, "[a] request for self-representation and waiver of legal representation may be denied under Article I, section 11, \*\*\* if the request is unclear or equivocal or if it would result in the disruption of the orderly conduct of the trial." *State v. Fredinburg*, 257 Or App 473, 481, 308 P3d 208, *rev den*, 354 Or 490 (2013); *see also State v. Williams*, 288 Or App 712, 713-14, 407 P3d 898 (2017) (noting that "the court may deny such a request if it determines that the defendant's right to self-representation is outweighed by the court's 'overriding obligation to ensure the fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner'" (quoting *Hightower*, 361 Or at 417-18) (emphasis omitted)).

In order for the court to deny a request for self-representation, however, "the record must include some indication of how the trial court actually weighed the relevant competing interests involved." *Hightower*, 361 Or at 421. That is, the record must demonstrate, either "expressly or implicitly, that the trial court engaged in the required balancing of defendant's right to self-representation against" the court's potential basis for denying the request. *Williams*, 288 Or App at 718. Thus, regardless of a trial court's reasoning—whether it be that the request was unknowing, equivocal, or would be disruptive to the proceeding—the trial court's record should "reflect an appropriate exercise of discretion." *See Nyquist*, 293 Or App at 507 (accepting the state's concession that "the trial court abused its discretion because it failed to make a record of how it weighed the competing interests and because it appears to have denied defendant's request for self-representation solely because it believed that trial counsel's performance had been adequate"); *see also State v. Noorzai*, 299 Or App 828, 829, 452 P3d 1071 (2019) (accepting the state's concession "that, on the record here, the court failed to determine whether defendant's decision was an intelligent and understanding one,

and it denied defendant's request based solely on impermissible reasons"); *State v. Chambery*, 260 Or App 687, 688, 320 P3d 640 (2014) (accepting the state's concession that the trial court erred by summarily denying defendant's request and "fail[ing] to make a record as to whether defendant's decision was an intelligent and understanding one, and whether granting defendant's request would disrupt the judicial process" (internal quotation marks and citation omitted)).

Here, the trial court failed to engage in an on-the-record assessment weighing the court's interests against defendant's request for self-representation. At two separate points during the October 28 pretrial proceeding, defendant made known his desire to represent himself. Although we acknowledge that defendant's first set of statements expressing a desire to represent himself, in which defendant stated, "I feel like I need to represent myself" and "I would rather represent myself in court," may be considered equivocal, we need not decide that question because defendant's second set of statements were unambiguous.[6] It is clear from the record that the trial court understood defendant's second set of statements to be a request to represent himself.

After defendant had already raised a desire to represent himself, defendant interrupted the proceeding and stated, "And, Your Honor, before we go any [further], I need at this point, because I have many witnesses to call, and I have not been able to talk to them about this, I have to represent myself at this point. I'm sorry for the—." The trial court cut defendant off and responded to his statement by stating, "You're not representing yourself, [defendant]. You are [] represented by Counsel." Contrary to the state's assertion that the trial court understood defendant's statements as expressions of frustration with his counsel, that exchange demonstrates that the trial court understood that defendant sought to invoke his right of self-representation. And, rather than weighing the request and determining on the record

---

[6] We recognize that our cases have yet to address what types of statements—because of their ambiguous or equivocal nature—fail to adequately invoke the right to self-representation. However, with a trial court's difficulty in making that determination in mind, we conclude that, in this case, defendant's statements when viewed in context sufficiently invoked a desire to represent himself, despite the fact that he also made repeated requests for new counsel.

whether defendant's decision was an intelligent and under-
standing one, the trial court erred by summarily denying
his request without giving a reason. If the trial court had
a valid reason for denying defendant's request, that reason
was not substantiated in the record. By summarily denying
and ignoring defendant's statements to represent himself,
the trial court effectively precluded defendant from waiving
counsel and representing himself. Accordingly, we reverse
and remand for a new trial on the seven counts on which
defendant was convicted.

Reversed and remanded.