580 May 15, 2024 No. 316

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN ERIC JOYCE,
*Defendant-Appellant.*

Lane County Circuit Court
22CR10382; A178715

Stephen W. Morgan, Judge.

Submitted October 3, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reversed and remanded.

## MOONEY, J.

Defendant appeals a judgment convicting him of robbery in the third degree, ORS 164.395, and giving false information to a peace officer, ORS 162.385. He raises four assignments of error. In his first and second assignments, defendant contends that the trial court violated his right to self-representation under the state and federal constitutions when it failed to engage him in an inquiry designed to determine whether his request to represent himself was "knowingly and intelligently" made.[1] The record does not reflect that the trial court engaged in the appropriate inquiry and we, therefore, reverse and remand for a new trial. We need not, and do not, reach the third and fourth assignments.

Whether the trial court violated defendant's right to self-representation is a question of law. *State v. Groff*, 306 Or App 40, 45, 472 P3d 812, *rev den*, 367 Or 387 (2020). The trial court's decision concerning a request to self-represent "is subject to appellate review for an abuse of discretion, in light of all other relevant interests that come into play at the commencement of trial." *State v. Hightower*, 361 Or 412, 418, 393 P3d 224 (2017) (*Hightower I*). However, "the record must include some indication of how the trial court actually weighed the relevant competing interests involved for an appellate court to be able to determine whether the trial court abused its discretion in ruling on a request to waive the right to counsel and proceed *pro se*." *Id.* at 421.

The pertinent facts are not in dispute. Defendant advised the court at least twice—once on April 7 and again on April 14—that he wished to proceed *pro se*. On April 27, the trial court entered an order permitting defendant to represent himself, and the case proceeded to trial that same day. The jury found defendant guilty on both counts.

"The accused in a criminal trial has a choice either to be represented by counsel or to represent himself or herself." *Hightower I*, 361 Or at 417. A court cannot summarily deny a defendant's request to represent themselves, but must instead "determine, on the record, whether [the]

---

[1] Because we resolve defendant's right to counsel claims under the Oregon Constitution, we do not reach his claims under the federal constitution.

decision is an intelligent and understanding one." *State v. Miller*, 254 Or App 514, 523-24, 295 P3d 158 (2013) (internal quotation marks omitted). A court has discretion to defer conducting the so-called "*Miller* inquiry" when a defendant's request is ambiguous and made well ahead of trial. *State v. Brooks*, 301 Or App 419, 429, 456 P3d 665 (2019), *vac'd on other grounds*, 368 Or 168, 486 P3d 794 (2021). However, an unambiguous request triggers an obligation on the part of the trial court to engage in the inquiry. *State v. Music*, 305 Or App 13, 19, 467 P3d 812 (2020).

Error regarding a defendant's state constitutional right to self-representation is subject to the harmless error doctrine, which precludes reversal if there is "little likelihood" that the particular error affected the verdict. *State v. Martineau*, 300 Or App 784, 790-91, 455 P3d 1020 (2019) (internal quotation marks omitted). If the error is not harmless and we are unable to conclude that the record "would have developed in materially the same way without the error, a defendant is entitled to a new trial." *State v. Hightower*, 368 Or 378, 391, 491 P3d 769 (2021) (*Hightower II*).

Defendant argues that he unambiguously asked to represent himself on April 7 and 14, and that "the court's failure to conduct an inquiry and to rule on defendant's motion" violated his right to self-representation. The state, for its part, acknowledges that "to the extent that defendant, when he appeared before the trial court on April 7 and 14, unambiguously requested to represent himself and the court failed to respond with a [*Miller*] inquiry, that was a problem." It nevertheless argues that that error was harmless, because the court "ultimately granted defendant's request to represent himself, and [defendant] did so at trial." Defendant counters that his "pretrial strategy may have been materially different" and he "would have had greater opportunity to conduct his own investigation of the case, review his own discovery, and file pretrial motions" if the court had not delayed its ruling and violated his constitutional right to represent himself.

We conclude that defendant unambiguously requested to proceed *pro se* on April 7 and 14 and that the trial court was obligated to conduct a "*Miller* inquiry" at the time of

each request. The trial court made no such inquiry, and the record does not reflect that it balanced "defendant's right to self-representation against the court's potential basis for denying the request." *State v. Glasby*, 301 Or App 479, 484, 456 P3d 305 (2019) (internal quotation marks omitted).

Although the trial court eventually granted defendant's motion to represent himself, it did not do so until the day of trial. We cannot say that the timing of the court's order was harmless, because had defendant's request been granted earlier, he would have had additional time to investigate his case and develop a trial strategy. For that same reason, we cannot determine whether the record would have developed in materially the same way if the error had not been made. Defendant is, therefore, entitled to a new trial.

Reversed and remanded.