No. 718 October 9, 2024 421

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID LEROY MILES,
*Defendant-Appellant.*

Polk County Circuit Court
22CR23398; A179755

Norman R. Hill, Judge.

Argued and submitted August 28, 2024.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reversed and remanded.

**MOONEY, J.**

Defendant appeals a judgment convicting him of several crimes,[1] assigning error to the trial court's denial of his request to represent himself, and to the sentences imposed on two of the counts. We conclude that the trial court erred when it denied defendant's request to represent himself. We reverse and remand for a new trial. Because we are remanding this matter for a new trial, we need not, and do not, address the assignments concerning the sentences imposed on Counts 2 and 8.

A person accused of committing a crime has a constitutional right to representation by an attorney or to self-representation in the related criminal trial.[2] The "choice either to be represented by [an attorney] or to represent [one]self" belongs to the accused. *State v. Hightower*, 361 Or 412, 417, 393 P3d 224 (2017). But the right to represent oneself in a criminal case is not absolute, and it is incumbent upon the trial court to deny such a request if it is not knowing or voluntary. *Id.* Before denying a criminal defendant's request to represent himself, the trial court must create a record that demonstrates either "expressly or implicitly, that [it] engaged in the required balancing of defendant's right to self-representation against" the court's reasons for denying the request. *State v. Williams*, 288 Or App 712, 718, 407 P3d 898 (2017). No matter what might be its "reasoning— whether it be that the request was unknowing, equivocal, or would be disruptive to the proceeding—the trial court's record should reflect an appropriate exercise of discretion." *State v. Glasby*, 301 Or App 479, 484, 456 P3d 305 (2019)

---

[1] A jury found defendant guilty of attempting to assault a public safety officer (ORS 163.208), second-degree escape (ORS 162.155), resisting arrest (ORS 162.315), unauthorized use of a vehicle (ORS 164.135), possession of a stolen vehicle (ORS 819.300), reckless driving (ORS 811.140), felony fleeing or attempting to elude a police officer (ORS 811.540), and misdemeanor fleeing or attempting to elude a police officer (ORS 811.540). The jury found defendant not guilty of first-degree criminal mischief (ORS 164.365).

[2] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence."

Article I, section 11, of the Oregon Constitution provides that "[i]n all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]"

(internal quotation marks omitted). We review a decision to deny a request to represent oneself for abuse of discretion, considering "all other relevant interests that come into play at the commencement of trial." *Hightower*, 361 Or at 418.

A full recitation of the facts would not benefit the bench, the bar, or the public. There is no dispute that defendant asked the court to allow him to proceed to trial representing himself, when this colloquy occurred:

> "DEFENDANT:   Alright, I would like to fire all my attorneys and I would like to represent myself.
>
> "THE COURT:   I'm going to deny that as well. So. Right now Mr. Howell's going to continue to be your lawyer. I'm going to let him come back and address the Court on the sixth."

Defendant characterizes that ruling as definitive, while the state characterizes it as "a conditional denial" made "for the time being" with leave to raise the issue at a later date when defense counsel was present. We have reviewed the record and conclude that the denial was not a deferral of the court's ruling to another day, but rather an outright denial of defendant's request to proceed *pro se*.

Having reached that conclusion and noting the absence of a record reflecting the court's balancing of defendant's right to self-representation with the court's interests in proceeding to trial, the next question is whether defendant was prejudiced by that error. As we recently explained, "[e]rror regarding a defendant's state constitutional right to self-representation is subject to the harmless error doctrine, which precludes reversal if there is little likelihood that the particular error affected the verdict." *State v. Joyce*, 332 Or App 580, 582, 549 P3d 581 (2024) (internal quotation marks omitted). We have consistently concluded under Oregon law that such error is not harmless. *See id.* at 583 (explaining that we could not say that the trial court's decision to grant the defendant's request to procced *pro se* on the first day of trial, after having denied similar requests earlier in the proceedings, was harmless); *see also Glasby*, 301 Or App at 486 (reversing and remanding where the trial court, without giving a reason, summarily

denied the defendant's request to represent himself); *State v. Martineau*, 300 Or App 784, 791, 455 P3d 1020 (2019) (reversing and remanding for new trial because trial court abused its discretion by failing to weigh any of the relevant considerations before denying the defendant's request to represent himself). We reach the same conclusion here. The trial court did not inquire and did not otherwise make a record of the relevant considerations that it weighed when it denied defendant's request to represent himself. We cannot say that such error was harmless. Defendant is, therefore, entitled to a new trial. We need not, and do not, reach his claim under the federal constitution.

Reversed and remanded.