No. 316 April 22, 2026 635

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENNY MORALES,
aka Ben Morales,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR02294; A183178

Kathie F. Steele, Judge.

Argued and submitted August 20, 2025.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for first-degree arson, ORS 164.325, first-degree criminal mischief, ORS 164.365, and recklessly endangering another person, ORS 163.195. In a single assignment of error, defendant argues that the trial court erred when it denied his request to represent himself because it failed to engage in a colloquy to determine whether defendant was making a knowing and intelligent waiver of his right to counsel. The state responds that the trial court was not required to engage in that colloquy because defendant's request to represent himself was equivocal. We conclude that defendant unequivocally requested to represent himself and the trial court erred by summarily denying defendant's request. Because the record does not otherwise support the trial court's denial of defendant's request, we reverse and remand.

The relevant facts are procedural and undisputed. After allegedly setting fire to the apartment he shared with his girlfriend and child, defendant was charged with first-degree arson, first-degree criminal mischief, and recklessly endangering another person. Defendant initially appeared at a pretrial release hearing on May 3, 2023, at which he was denied release. At the time, he was represented by an attorney who later withdrew due to a conflict.

At a hearing on June 16, defendant's new counsel indicated that defendant would not waive his statutory right to a trial within 60 days but requested that the trial court find good cause to set over the trial beyond the 60-day period because counsel had not had adequate time to prepare for trial. The trial court granted that request and set the trial for July 21.

At a hearing on July 14, defense counsel again requested that the trial court find good cause to set over the trial to October because he was awaiting results from two experts that he had retained in defendant's case. Before ruling, the trial court allowed defendant to address the court, and defendant indicated that he wanted his trial to proceed the following week. The trial court found good cause to set over the trial to September 14. After the trial court issued

its ruling, defendant asked to represent himself so that he could keep his trial date for the following week:

"[DEFENDANT]:   Your Honor, is there any way that I would be able to just simply represent myself and keep the date next week? Because, ultimately, there's a procession that's happening consistently to where basically I don't feel like what I'm desiring in the court process is getting honored. I don't feel like I'm having proper representation.

"If I'm going to be set back 60 days, ultimately, I might as well represent myself because I could have had this case done with already.

"[TRIAL COURT]:   Well, that's something you would need to talk to [defense counsel] about. If he wants to file a motion to withdraw[ ], he can certainly do that. As of today, he is standing here as your court-appointed attorney, he's asking me to make a good cause finding, and that's what I'm doing.

"* * * * *

"[DEFENSE COUNSEL]:   Your Honor, if my client wants me to withdraw, I think that would moot everything I've said and he would have an absolute right to waive trial with counsel today and go to trial on the 21st. That would be a terrible idea, and the result would almost certainly be 90 months in prison, however, I think that he has an opportunity to decide whether or not he wants to do that.

"[TRIAL COURT]:   You want to think about that a little bit?

"[DEFENDANT]:   No, I think I should push past the stop sign, keep on rolling with what my gut feels.

"[TRIAL COURT]:   I don't know what any of that means, okay?

"[DEFENSE COUNSEL]:   I think he's saying that he wants to do it himself.

"[TRIAL COURT]:   Okay. So we have somewhere here a waiver of counsel form. We're going to give that to [defendant]. Sir, I want you to take a few minutes, read that, go ahead and just—you can hop back in the box there, take a few minutes, read that, think about that decision, and we will come back and have a conversation about that, shortly, okay?

"State's ready to go, right, [prosecutor]?

"[PROSECUTOR]: My understanding is, is that we were proceed—obviously I presumed that [lead prosecutor] had been in contact with [defense counsel] and sort of expected—

"[DEFENSE COUNSEL]: Yes.

"[PROSECUTOR]: —what had unfolded up until the last few minutes here, so—

"[TRIAL COURT]: Well, we may be going next Friday. Well, Friday's going to roll into the following week, but there we go. Three-day jury.

"Would you want a jury or a bench trial, [defendant]?

"[DEFENDANT]: Jury.

"*****

"[TRIAL COURT]: Well, hold on. Read what [defense counsel] has provided you. Take your time and review that carefully and think about it. ***"

After a short recess, defense counsel reported to the trial court that he had discussed the issue with defendant and determined that defendant was not competent to waive counsel:

"[DEFENSE COUNSEL]: Your Honor, I discussed with my client [his] waiver. I advised him not to go forward with the waiver because it's not to his benefit, but—and while I was talking to him and considering what to do, I don't think at this point my client is sufficiently competent to make a decision about waiving. So I don't think the Court can actually, for that reason, accept the waiver.

"So for that reason, I'm just going to ask that you make a good cause extension, good cause finding, and we extend the 60 days for another 60 days and set the trial as we previously discussed on September 14th.

"[TRIAL COURT]: [Defendant], anything else you want to tell me?

"[DEFENDANT]: Absolutely. I believe that September 14th is too far out to be dealing with a case like this. This case is two years old. I mean, that might seem like a very short time for some people; however, when you're sitting

incarcerated and you're basically in an unfamiliar land, being exposed to all sorts of dangers from people you don't know, it's a very long time.

"Ultimately, I'm ready to get this case resolved, come to a resolution, and then move on with my life and everyone involved in any particular portion of it, they can move on too.

"[TRIAL COURT]:   Thank you for those comments. I'm going to make a good cause finding based on the basis and reasons stated on the record from [defense counsel], the reasons stated in his affidavit to set this matter over for trial on September 14th. ***"

On September 8, the trial court granted a third and final set over, to which defendant again objected. The case proceeded to trial on October 26, and defendant was convicted by a jury on all counts.

On appeal, defendant argues that the trial court erred by denying his request to represent himself without inquiring as to whether that request was made intelligently and knowingly. He further contends that the trial court did not otherwise have a basis to deny his request because the record does not establish that defendant had any mental illness, nor that he had engaged in any misconduct that would be disruptive to court proceedings. The state maintains that the trial court did not err because defendant's request to represent himself was equivocal, and therefore, the trial court was not required to engage in the inquiry necessary to obtain a valid waiver of the right to counsel. Specifically, the state contends that defendant's request was made "in the context of his desire to keep his trial set for the following week rather than having it continued because he was unhappy with being incarcerated before trial." The state also emphasizes that, after the trial court provided defendant with a waiver of counsel form and an opportunity to discuss the waiver with defense counsel, defendant stated only that he was ready for his case to be resolved, and ultimately, he proceeded to trial with counsel without expressly renewing his request to represent himself. Finally, the state asks us to consider comments made by defendant at his sentencing, which, in the state's view, reinforce its position that

defendant's request was equivocal. As we will explain, we agree with defendant's argument.

We review whether a trial court has denied a defendant's right to self-representation for errors of law. *State v. Music*, 305 Or App 13, 18, 467 P3d 812 (2020).    A r t i c l e I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution guarantee criminal defendants both the right to counsel and the right to self-representation. *State v. Hightower*, 361 Or 412, 416, 393 P3d 224 (2017); *Faretta v. California*, 422 US 806, 819, 95 S Ct 2525, 45 L Ed 2d 562 (1975). The two rights are mutually exclusive, and thus, in asserting the right to self-representation, a defendant necessarily waives their right to counsel. *Hightower*, 361 Or at 416-17. We have repeatedly held that, "[w]hen a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one." *State v. Miller*, 254 Or App 514, 523, 295 P3d 158 (2013) (citing *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991)). If the request is "unclear or equivocal," or if granting the request would result in the disruption of court proceedings, the trial court may properly deny a defendant's request. *State v. Glasby*, 301 Or App 479, 484, 456 P3d 305 (2019). However, "the record must include some indication of how the trial court actually weighed" defendant's right to self-representation against the court's potential basis for denying the request. *Hightower*, 361 Or at 421. The preferred means of determining whether the invocation of the right to self-representation is made knowingly is a colloquy in which the trial court explains the risks and potential disadvantages of self-representation. *State v. Groff*, 306 Or App 40, 46, 472 P3d 812, *rev den*, 367 Or 387 (2020).

We conclude that defendant unequivocally invoked his right to represent himself. After the trial court found good cause to delay his trial, defendant asked the court whether he could keep the July 21 trial date if he represented himself and expressly stated that he would prefer to do so if it meant he could resolve his case sooner. The record demonstrates that both the trial court and defense counsel understood defendant to be requesting to waive his right to

counsel and proceed *pro se*. Specifically, his defense counsel stated that defendant had "an absolute right to waive trial with counsel today and go to trial on the 21st" even though it would be "a terrible idea." The trial court then provided defendant with a waiver of counsel form, instructed him to consider the form and stated "we will come back and have a conversation about that, shortly," and asked the state whether it was ready for trial, noting "we may be going next Friday," which would be consistent with defendant's request to proceed *pro se* the following week. Thus, defendant's invocation triggered an obligation on the part of the trial court to determine on the record whether defendant's request was made intelligently.

We disagree with the state that defendant's request was equivocal on the basis that the request was motivated by his discontent with his incarceration and that he subsequently failed to expressly renew his request. First, defendant's reason for requesting to represent himself, while perhaps relevant to the colloquy and the court's decision to grant or deny the request, has no bearing on whether the request itself was equivocal. Indeed, in many cases involving the right to self-representation, a defendant's invocation is precipitated by a disagreement with counsel regarding how to pursue their case. *See, e.g.*, *State v. Dunn*, 318 Or App 744, 746, 508 P3d 586 (2022) (concluding that the trial court erred by summarily denying the defendant's request to represent himself made after his attorney requested a continuance, in which he stated, "if it's a choice between sitting in jail and waiting for that attorney or going to trial today without that, I would choose to go to trial"); *Glasby*, 301 Or App at 481-82, 485 (concluding that the trial court erred by summarily denying the defendant's request to represent himself where the defendant invoked because his counsel was not filing his requested motions or subpoenaing his requested witnesses). Moreover, at the time defendant invoked his right to self-representation, the trial court had already ruled that there was good cause to set the trial over for September. In that context, defendant's comment that, "If I'm going to be set back 60 days, ultimately, I might as well represent myself," demonstrates that he understood

that his options were to proceed with counsel in September or proceed *pro se* the following week.

We are also unpersuaded that defendant's failure to expressly renew his request to represent himself after an off-the-record conversation with his attorney makes his request equivocal. In *State v. Brooks*, we concluded that a defendant's initial unequivocal request to represent himself became equivocal when, after an off-the-record exchange between the defendant and his counsel, counsel asked the court to allow the defendant more time to consider his request, which the trial court agreed to do. 301 Or App 419, 427-28, 456 P3d 665 (2019), *vac'd and rem'd on other grounds*, 368 Or 168, 486 P3d 794 (2021). There, we concluded that the trial court's decision to defer its consideration of the defendant's equivocal request for a minimal period of time, where neither trial nor any significant preliminary hearings were imminent, did not deny the defendant's right to self-representation. *Id.* at 429.

By contrast, here, following an off-the-record conversation with his defense counsel, defense counsel informed the trial court that he believed it was required, as a matter of law, to deny defendant's request because defendant was not competent to waive counsel. At that point, defendant reasserted his original reason for requesting to represent himself, in particular, that he wished to proceed with trial as soon as possible. In light of defendant's earlier unambiguous request to represent himself and his subsequent reassertion that he wanted to proceed to trial immediately, the trial court was obligated to inquire further. The trial court subsequently reaffirmed its ruling that there was good cause to set over the trial until September, but it did not otherwise explain its basis for summarily denying defendant's request to represent himself, nor did it make any findings about defendant's competency to do so. *See State v. Hayne*, 293 Or App 351, 365, 427 P3d 201 (2018), *rev den*, 364 Or 294 (2019) ("To minimize the risk of improperly denying self-representation to a competent defendant, trial courts should be cautious about making an incompetence finding without the benefit of an expert evaluation, though the judge's own observations of the defendant's in-court behavior will

also provide key support for an incompetence finding and should be expressly placed on the record." (Internal quotation marks omitted.)).

Finally, we decline to consider comments made by defendant at a sentencing hearing as context for defendant's invocation of his right to self-representation at a pretrial hearing. The state asks us to consider defendant's request for substitute counsel at his sentencing, at which he remarked:

> "There was actually a portion early in, I want to say about two good cause findings ago, for extending the duration of my stay at Clackamas County Jail to where I actually wanted to fire him then, but I decided to give him a little bit more time and maybe hope that he was actually going to get it together and to perform adequately on my behalf as representation. That was not done. And that was very clear to see how it wasn't done during the trial."

Assuming for the sake of argument that that comment refers to the July 14 hearing, defendant did not frame his request to represent himself as motivated by his overall dissatisfaction with his counsel's performance, and rather, emphasized his desire to quickly resolve his case. As such, a *post hoc* explanation of his request that is inconsistent with the information before the trial court at the time of the request does not provide an appropriate basis for us to conclude that his request was ambiguous. At best, defendant's comments at sentencing reinforce the importance of promptly conducting a colloquy to determine whether a defendant who has invoked the right to self-represent, once advised of the risks, still desires to proceed *pro se*. *See State v. Joyce*, 332 Or App 580, 583, 549 P3d 581 (2024) (concluding that the trial court committed reversible error by failing to conduct a colloquy at the time of the defendant's unambiguous request to proceed *pro se*, even though the trial court later granted the request the morning of trial, because that delay prejudiced the defendant's ability to prepare his case).

Because defendant unequivocally invoked his right to self-representation the trial court was required to engage in an on-the-record assessment weighing defendant's request against any bases for denying his request. *Miller*, 254 Or App at 523. But the trial court never directly

ruled on defendant's request at all. Instead, the trial court implicitly denied defendant's request when it found good cause to grant defense counsel's requested setover. That was error. The record must contain an "indication of how the trial court actually weighed" defendant's right to self-representation against any purported basis for denying the request. *Hightower*, 361 Or at 421. Because this record does not demonstrate that the trial court engaged in the necessary assessment, we reverse and remand for a new trial.

Reversed and remanded.