BUNCH, J. pro tempore.
*503 In this criminal case, defendant appeals a judgment convicting him of five crimes, contending that the trial court abused its discretion when it denied his mid-trial request to represent himself. As explained below, we agree and, accordingly, reverse and remand for a new trial.
Before setting out the facts, we summarize the relevant law. Under Article I, section 11, of the Oregon Constitution, a defendant has both the right to be represented by counsel and the right to self-representation. State v. Hightower , 361 Or. 412, 416-17, 393 P.3d 224 (2017). Those two rights are mutually exclusive; that is, "by asserting the right to counsel, a defendant waives the right to self-representation" and "by waiving the right to counsel, a defendant necessarily asserts the right to self-representation." Id. at 417, 393 P.3d 224. For that reason, the Supreme Court has required that a defendant's waiver of the right to counsel "be preceded by a warning concerning the 'dangers and disadvantages of self-representation.' " Id. (quoting State v. Meyrick , 313 Or. 125, 133, 831 P.2d 666 (1992) ).
Although a defendant who has invoked the right to counsel may waive that right and choose self-representation instead, "the right to waive is not absolute and unqualified." Id. "[O]nce a trial has begun, a *1139 number of interests other than the defendant's Article I, section 11, rights come into play," including "the trial court's overriding obligation to ensure the fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner." Id. at 417-18, 393 P.3d 224.
Consequently, a trial court's ruling on a defendant's mid-trial request to proceed pro se "is subject to appellate review for an abuse of discretion, in light of all other relevant interests that come into play at the commencement of trial." Id. at 418, 393 P.3d 224. When the trial court's decision is predicated on a subsidiary conclusion of law-for example, a legal conclusion about the scope of the right-we review that determination for legal error. Id. at 421, 393 P.3d 224. As examples of the appropriate exercise of the court's discretion, the Supreme Court has explained that "a trial court may exercise its discretion to deny a motion for self-representation that is *504 conditioned on the grant of a continuance," and a court may "deny the motion if it has reason to conclude that granting the motion would result in disruption of proceedings." Id. at 418, 393 P.3d 224. However, "the record must include some indication of how the trial court actually weighed the relevant competing interests involved for an appellate court to be able to determine whether the trial court abused its discretion" in ruling on the request. Id. at 421, 393 P.3d 224.
We turn to the relevant facts, which are procedural. Defendant was tried to the court; one of the charges was second-degree assault constituting domestic violence, ORS 163.175 ; ORS 132.586. At trial, the state's first witness was defendant's former girlfriend, the named victim on the assault charge. Shortly after defense counsel began cross-examining the witness, defendant addressed his counsel and the court:
"THE DEFENDANT: You're fired. I'm going to do it myself. I've got to do it myself. I got to do the questions myself, Your Honor. He's not asking the right questions. I don't mean to be disrespectful to the Court, but I need-I need to-I need to fight my case myself from this point on. Let me ask the questions because I was there. I know how to ask the questions. If this can be done, I want to do it Your Honor.
"[PROSECUTOR]: I think it's a bit late in the game, Your Honor. We've already-
"*****
"THE COURT: Do you have any objections to allowing him to ask questions?
"[PROSECUTOR]: Yes, Your Honor. This is a victim. We have alleged she's a victim of domestic violence. This is just part and parcel of the power and control cycle that they try to put on victims. He should have asked to have a new attorney prior to this.
"THE DEFENDANT: I don't need a new attorney, Your Honor, I just need to be able to ask some questions that I don't feel are getting asked-
"[PROSECUTOR]: He can write down- *505 "THE DEFENDANT: -by the attorney. It's my case as much as it is his, even more so, because I'm the one that's got to go and serve the time.
"THE COURT: Well, [defendant], I'm not going to allow you to question the witness directly. I will allow you to write out questions if you want to offer them to your attorney and have him ask them. I'm not going to remove him from representing you. I haven't seen anything yet that he has done that's inappropriate or uncalled for during the course of the trial. And absent some specific, clear-
"THE DEFENDANT: Okay, okay.
"THE COURT: -malfunction on his part, I'm not going to remove him as your attorney.
"THE DEFENDANT: Okay."
That exchange is the only discussion in the record of defendant's desire to represent himself.
Ultimately, the court convicted defendant of one count each of second-degree assault, felony fleeing or attempting to elude a police officer, ORS 811.540(1)(b)(A), misdemeanor fleeing or attempting to elude a police officer, ORS 811.540(1)(b)(B), reckless endangerment, ORS 163.195, and reckless driving, *1140 ORS 811.140, and acquitted him of one count of second-degree criminal mischief, ORS 164.354. Defendant appeals.
On appeal, defendant asserts that the trial court abused its discretion in denying his request to represent himself.[1] He acknowledges that a trial court has discretion to deny a mid-trial request for self-representation when "granting the motion would disrupt the integrity or expediency of the trial process," but he argues that, here, the trial court did not engage in that discretionary evaluation and, instead, denied the request because it believed that counsel was providing adequate representation. That, he contends, was an abuse of discretion.
*506 The state responds that the totality of the exchange set out above demonstrates that defendant merely wanted the opportunity to ask questions of the witness and that he was given, and accepted, that opportunity when the court allowed him to write questions and give them to counsel. In the state's view, defendant did not unequivocally request to represent himself or, if he did, he "abandoned" that request by agreeing to the trial court's alternative of allowing him to write questions for the witness.
The state asserts that defendant's request was equivocal because he sought only to "ask the questions"; "he did not say that he wanted to handle the entirety of the trial proceedings *** pro se ." We disagree with that characterization of defendant's request. Defendant told counsel, "You're fired. I'm going to do it myself." Then he told the court, "I need to fight my case myself from this point on ." (Emphasis added.) To the extent that his desire to "do it myself" might have been ambiguous in context, his statement that he intended to "fight my case myself from this point on" resolved the ambiguity; it unequivocally indicated that he wanted to represent himself for the rest of the trial.
We likewise disagree with the state's view that defendant abandoned his request. The state argues that the trial court gave defendant "a suitable option for asking the questions he wanted" by allowing him to write them down and give them to counsel, and defendant accepted that option by saying, "Okay." Under those circumstances, the state asserts, defendant had an obligation to notify the trial court that its "remedy for his concern was inadequate and that he nevertheless wanted to represent himself for the remainder of the trial."
The problem with the state's position is that, in the same breath in which the court proposed written questions, it also rejected defendant's request to represent himself. The court told defendant, "I'm not going to allow you to question the witness directly. I will allow you to write out questions if you want to offer them to your attorney and have him ask them. I'm not going to remove him from representing you ." (Emphasis added.) After the court explained its reasoning in denying defendant's request, defendant responded, "Okay."
*507 Contrary to the state's characterization, by saying, "Okay," defendant did not accept the offer of written questions and, consequently, did not abandon his request to represent himself. Instead, by the time defendant responded, the court had already rejected his request for self-representation. Under those circumstances, defendant was under no obligation to repeat his request. Cf. State v. Walker , 350 Or. 540, 550, 258 P.3d 1228 (2011) ("Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal.").
The state concedes that, if defendant requested to represent himself and did not abandon the request, then the trial court abused its discretion because it failed to make a record of how it weighed the competing interests and because it appears to have denied defendant's request for self-representation solely because it believed that trial counsel's performance had been adequate. We agree and accept the concession. The record does not reflect an appropriate exercise *1141 of discretion. See Hightower , 361 Or. at 418, 421, 393 P.3d 224 (record must reflect how trial court weighed defendant's right to self-representation against "other relevant interests that come into play at the commencement of trial").
Finally, the state contends that we should not reverse defendant's convictions and remand for a new trial; instead, the trial court "should have the ability to consider defendant's request for self-representation, to conduct proper balancing on the record, and to determine whether a new trial should be granted in light of its decision." We disagree. Both before and after the Supreme Court's decision in Hightower , we have held that a trial court's abuse of discretion in rejecting a defendant's request for self-representation requires reversal of the defendant's convictions and remand for a new trial. State v. Miller , 254 Or. App. 514, 524, 295 P.3d 158 (2013) (trial court's abuse of discretion required us to "reverse and remand for a new trial" on the relevant counts); State v. Ortega , 286 Or. App. 673, 675, 399 P.3d 470 (2017) (citing Miller for the proposition that we "revers[e] and remand as to the counts on which defendant was convicted"). The state has not acknowledged those holdings or explained why, in its view, we should reconsider them. Accordingly, we *508 reverse and remand for a new trial on the five counts on which defendant was convicted.
Reversed and remanded.

Defendant argues that the court abused its discretion under both Article I, section 11, and the Sixth Amendment to the United States Constitution, which provides a similar right to self-representation, Faretta v. California , 422 U.S. 806, 814, 833-34, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975). Our disposition obviates the need to address defendant's contention under the Sixth Amendment.