PER CURIAM
*65 Defendant was convicted of 21 crimes related to assaults against his former girlfriend. About a week before trial, defendant asked the court to allow him to proceed pro se . The court refused, based on its reasoning that defendant was "not qualified to go pro se " and that what defendant was really asking for was a request "for an appeal purpose" rather than a "real heartfelt acknowledgment" of wanting to represent himself. On appeal, defendant argues that the trial court erred because he has the right to waive counsel and represent himself. See Johnson v. Premo , 355 Or. 866, 872, 333 P.3d 288 (2014) (remarking that "an individual litigant generally has the right to represent himself or herself in court" and, as "the United States Supreme Court has described, the right of self-representation is a bedrock principle of American jurisprudence dating back to the founding of our country" (citing Faretta v. California , 422 U.S. 806, 828-30, 830 n. 39, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) )); Reed v. Roberts , 304 Or. 649, 655, 748 P.2d 542 (1988) ( ORS 9.320 provides that "[i]ndividuals may appear in their own behalf" in court.). The state concedes that the court erred by denying defendant the right to represent himself at trial. We agree and accept the state's concession. We therefore reverse and remand for a new trial on all counts on which defendant was convicted. State v. Nyquist , 293 Or. App. 502, 507-08, 427 P.3d 1137 (2018) (rejecting the state's argument that the proper disposition is a limited remand and reversing and remanding for a new trial).
Reversed and remanded.