Argued and submitted May 5, affirmed August 19, petition for review denied December 24, 2020 (367 Or 387)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CALEB DANIEL GROFF,
*Defendant-Appellant.*

Washington County Circuit Court
18CR01015; A168405

472 P3d 812

Defendant appeals from a judgment of conviction for resisting arrest, assigning error to the trial court's purported denial of his request to represent himself at trial in violation of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Held*: The trial court did not, in fact, deny defendant's request for self-representation. Before the court ruled on defendant's motion, defendant elected to proceed with counsel. Therefore, the court did not err.

Affirmed.

Ricardo J. Menchaca, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

Defendant appeals from a judgment of conviction for resisting arrest, ORS 162.315, raising two assignments of error. In defendant's first assignment of error, he contends that the trial court erred by relying on a fact not in evidence in rendering its verdict. In his second, defendant assigns error to the court's purported denial of his request to represent himself at trial. We write only to address defendant's second assignment of error and reject defendant's first assignment of error without further written discussion. As we explain in greater detail below, we conclude that defendant elected to proceed with counsel before the court issued a ruling and that, as a result, the court did not deny or make any ruling with respect to defendant's request. Accordingly, the court did not err and we affirm defendant's conviction.

The facts underlying defendant's arrest are not relevant to the issue on appeal. Defendant was charged with second-degree criminal trespass and resisting arrest. Counsel was appointed for defendant, and the case was set for trial. At multiple pretrial hearings, defendant indicated that he wished to represent himself. In response, the trial court directed defendant's counsel to file a motion to withdraw. At the resulting hearing on that motion, the court granted defendant's request to represent himself, but appointed new legal counsel to "assist [defendant] in an advisory capacity." At a later hearing, set shortly before trial, another judge reconsidered and denied defendant's request to represent himself.[1] Thereafter, the attorney initially serving in an advisory role then acted as defendant's regular counsel.

The morning of trial, defendant, through counsel, renewed his motion to waive counsel and represent himself, again before a different judge who had not previously considered defendant's motion for self-representation. We summarize the resulting conversation and include excerpts from the record where pertinent to our analysis.

The trial court began by giving defendant an opportunity to state his position. Defendant did not address the

_____

[1] It is unclear from the record what prompted the court to reconsider the motion.

motion to proceed *pro se*. Instead, he expressed his frustration with the court and trial proceedings in an earlier case, explaining that, in that case, he had written a lengthy explanation of the underlying facts and that, instead of reading that document, the court "made a judgment based on how the trial went, and the trial went very biasedly." Defendant began to discuss his perception of the facts underlying the current case before defense counsel interjected. The court and defendant then had the following exchange:

"THE COURT:   So *** I'm just—what are you asking me to do?

"[DEFENDANT]:   Just hear me out. ***

"* * * * *

"*** You know, I think that we have enough evidence to prove my innocence concerning this case, so I—I mean, that's just what I think.

"You know, this is all from the first case. But I think we have enough evidence to prove my innocence on this initial case here, and I—we can just go ahead and proceed. I don't think that we need a jury. I don't think it would be fair for a jury to make a judgment based on—based on the little snippet of the story or part of the story that they'll be hearing.

"And—because I know that you can consult with Ms. Roberts and Mr. Butterfield—

"[DEFENSE COUNSEL]:   Judge. Judge.

"[DEFENDANT]:   Judge Roberts and Judge Butterfield based on what they know about me and what they know concerning this case.

"* * * * *

"THE COURT:   Okay. So *** my understanding, then, is there was a motion filed by your attorney ***.

"I have looked at the motion and the affidavit that you have requested that she withdraw so that you can represent yourself.

"[DEFENDANT]:   Correct.

"THE COURT: My understanding is that Judge Roberts, some time ago, ruled on that issue [in] another case, and my understanding is that Judge Butterfield, at

one of the pretrial conferences in this case, also reviewed the motion to withdraw, motion to represent yourself, and denied that.

"So it's my understanding that you're renewing that motion today to represent yourself.

"Am I correct?

"[DEFENDANT]:   Yeah."

At that point, without prompting from the court, defendant started to explain his religious beliefs and his business ideas. Defense counsel again intervened to ask the court to go through the waiver of counsel with defendant.

"[DEFENSE COUNSEL]:   But I think, probably, it would help provide structure if *** Your Honor went over the waiver of counsel with [defendant] so he has a better idea of what direction to take this conversation.

"[DEFENDANT]:   I think it would be easy and most comfortable for you just to hear out the case because I think we have enough evidence to be like I would testify—

"[DEFENSE COUNSEL]:   So he has to decide if you can represent yourself.

"* * * * *

"[DEFENDANT]:   You know, if he feels more comfortable with [defense counsel] presenting the evidence—you can ask any questions you want to ask me. You can ask me whatever questions. I'll answer."

The court inquired about defendant's background, asking a series of questions about where defendant was raised, his age, education, work experience, and living situation. Defendant's answers were lengthy and often strayed from the topic at hand, describing, among other things, defendant's business ideas, his mother's health issues, defendant's religious beliefs, defendant's view of the case, and defendant's mental health.

The court then asked about defendant's legal training:

"THE COURT:   So, I guess, the thing I haven't heard, *** is you don't appear to have any legal training.

"[DEFENDANT]:   I do a little bit. I mean, from what I learned [as a juvenile counselor] at Harkins House. You know? And I'm kind of representing them, too. You know, I—yeah.

"* * * * *

"THE COURT:   *** I just had this conversation with my staff when I was getting ready for work this morning. I think even a lawyer representing himself would be foolish.

"[DEFENDANT]:   I'm willing to, like, present the evidence and just go from there.

"I don't think it'd be fair to the jury. I know that you can consult with the other judges if you need to. Like, I gave this whole entire thing to [another judge] and was like 'Look. Look at all of it if you need to.' Like, I gathered up, you know, all the evidence. ***

"* * * * *

"THE COURT:   Well, I guess, what I did hear out of you, if I can, is that you're willing to have [defense counsel] present the evidence.

"[DEFENDANT]:   Yes.

"THE COURT:   All right. And I will tell you this.

"* * * * *

"In terms of court-appointed counsel, you're a fairly lucky young man. She's a pretty darn good lawyer. And I could say that having watched her in jury in here a couple times. So you're pretty lucky in that regard. So if you just trust her, work with her, I think you're going to come out of this—I don't know what you're going to come out of this, but I think you're going to find that she represents you hard and zealously and knows the law. And that's really what matters. Okay?

"[DEFENDANT]:   All right. Yeah.

"THE COURT:   All right. So why don't we proceed then with [defense counsel] as your attorney.

"And then, [defense counsel], you wanted to speak with your client about jury or judge or—

"[DEFENSE COUNSEL]:   Yeah. If I could have just a moment."

Defendant proceeded to trial with counsel and was tried by the court. At the conclusion of the trial, the court acquitted defendant of second-degree criminal trespass and found defendant guilty of resisting arrest. On appeal, defendant asserts that the trial court erred by denying his request for self-representation on the morning of trial in violation of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution.[2] Specifically, defendant contends that his waiver of counsel was knowing and voluntary, and that the court did not make findings that self-representation would disrupt the judicial process or that defendant suffered a severe mental illness that would prevent him from representing himself. Thus, defendant argues, the court was obliged to grant his request.

In response, the state does not advance any arguments justifying the trial court's purported denial of defendant's request for self-representation. Rather, the state argues that, as a result of the court's conversation with defendant, he voluntarily elected to proceed with counsel. In short, the state argues that defendant changed his mind before the court made any ruling. Consequently, according to the state, the court was not required to, and in fact did not, rule on defendant's request.

The issue before us, as framed by the parties' arguments on appeal, is whether the trial court denied defendant's request for self-representation. Whether a trial court has denied a defendant's right to counsel, or the according right to self-representation, is a question of law that we review for errors of law. *State v. Brooks*, 301 Or App 419, 423, 456 P3d 665 (2019).

"Article I, section 11, guarantees criminal defendants both the right to counsel and the right to self-representation." *State v. Williams*, 288 Or App 712, 713, 407 P3d 898 (2017) (citing *State v. Hightower*, 361 Or 412, 416, 393 P3d 224 (2017)). "The right to represent oneself is not absolute; the trial court must deny a request of the right to

---

[2] Defendant does not assign error to the prior denials of his motion for self-representation.

self-representation if such a request is not knowing or voluntary." *State v. Glasby*, 301 Or App 479, 484, 456 P3d 305 (2019). Accordingly, "[w]hen a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one." *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991). The court must further determine "whether granting the defendant's request would disrupt the judicial process." *Id*.

In ensuring that a defendant's waiver of counsel and corresponding assertion of the right to self-representation is made knowingly, the trial court must warn the defendant of "the dangers and disadvantages of self-representation." *Hightower*, 361 Or at 417 (internal quotation marks omitted). A "colloquy on the record between the court and the defendant" that "in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understands the risks of self-representation." *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992).

We conclude that the trial court did not improperly deny defendant's request for self-representation. Rather, we conclude, based on the record, that defendant chose to proceed with counsel before the court ruled with respect to defendant's request. We begin by examining the conversation between defendant and the court. Defendant's initial request for self-representation was clear and unequivocal. In response, the court engaged in a colloquy with defendant as required. Throughout that colloquy, defendant made several statements with respect to his request that confused the nature of his request or were otherwise equivocal.

For example, defendant consistently appeared to conflate his request for self-representation with a request for the court to determine defendant's guilt based on defendant's explanation of the facts in lieu of a trial. Defendant explained more than once that he did not "think it would be fair for a jury to make a judgment" based on the evidence that would be presented at trial, and that, instead, defendant preferred for the court to "consult with" other judges "based on what [the other judges] know about me and what they know concerning this case." Defendant also explained his perspective that "it would be easy and most comfortable

for [the court] just to hear out the case because I think we have enough evidence[.]" In response to the court's admonishment that "even a lawyer representing himself would be foolish," defendant stated that he was "willing to * * * present the evidence and just go from there" because it would not be "fair to the jury" and because the court could "consult with the other judges." In addition, defendant indicated that he was open to representation when he stated that, if the court felt "more comfortable with [defense counsel] presenting the evidence," either the court or counsel could "ask any questions" of defendant.

As we observed in *Brooks*, a trial court faced with an equivocal request for self-representation on the morning of trial "would have no practical option but to attempt to clarify the nature of the equivocal request." 301 Or App at 428. The court faced just such a situation here. Accordingly, near the end of the conversation, the court attempted to clarify defendant's request by asking if he correctly understood defendant's earlier statement that he would be "willing to have [defense counsel] present the evidence." Defendant confirmed that he was. That is, defendant affirmed that he was amenable to at least some form of representation. At that point, the court explained its view that defendant's counsel would represent defendant "hard and zealously" and that "that's really what matters." Defendant agreed, and the court finally suggested that defendant proceed with counsel.

As we understand that interaction, defendant agreed to proceed with counsel before the trial court issued a ruling with respect to defendant's request. The factual scenario here is different, but we find it useful to contrast the present case with *State v. Nyquist*. In that case, we held that the court abused its discretion in denying the defendant's midtrial motion to represent himself. *State v. Nyquist*, 293 Or App 502, 507, 427 P3d 1137 (2018). The defendant asked to represent himself after he became frustrated with his attorney's examination of a witness. We rejected the state's argument that the defendant abandoned his request when he responded "Okay" to the court's suggestion that he write down the questions he wanted his attorney to ask.

*Id*. at 506. At the same time, the court had stated, "I'm not going to remove [counsel] from representing you." *Id*. We explained that, "in the same breath in which the court proposed written questions, it also rejected defendant's request to represent himself." *Id*. Thus, "by the time defendant responded, the court had already rejected his request for self-representation." *Id*. at 507.

In contrast, the trial court here made no ruling or denial of defendant's request prior to defendant's statement. After considerable discussion with defendant about his background, education, and legal training, the court reasonably understood defendant's statements as an indication that defendant was willing to go forward with counsel. The court subsequently advised defendant that his lawyer would adequately represent him, after defendant had already indicated his willingness to move forward with counsel.

Defendant urges us to view the conversation differently, contending that the trial court "cajoled defendant to accept counsel despite his requests to the contrary." We take a different view for two reasons. First, as noted, defendant independently asserted his willingness for defense counsel to present the evidence—later the court asked defendant if it had correctly understood defendant's own statement. That clarification was appropriate and necessary in light of defendant's earlier statement that his counsel could present evidence and ask questions when compared to defendant's later and more ambiguous statement that defendant was willing to "present the evidence and just go from there." Second, the court properly advised defendant of the benefits of having counsel. Although a court may not deny a defendant's motion for self-representation on the bases that the defendant has adequate counsel, the defendant lacks legal training, or representation by counsel is in the defendant's best interest, it is not error for the court to advise the defendant of those things. Indeed, a trial court's failure to "mention any of the risks of self-representation, or put on the record any facts indicating that defendant understood the risks, is akin to the circumstances that we have described as *prima facie* error." *State v. Haines*, 283 Or App 444, 451, 388 P3d 365 (2017).

Lastly, we conclude for the reasons stated above that the trial court did not err under the federal constitution because the court did not deny defendant's request for self-representation in light of defendant's intervening decision to proceed with counsel. *See State v. Hayne*, 293 Or App 351, 354-55, 427 P3d 201 (2018), *rev den*, 364 Or 294 (2019) (citing *Indiana v. Edwards*, 554 US 164, 171, 128 S Ct 2379, 171 L Ed 2d 345 (2008) ("The Sixth Amendment gives courts a similar range of discretion when addressing a defendant's request to exercise the right of self-representation.")).

In conclusion, the trial court did not deny defendant's request for self-representation under Article I, section 11, or the Sixth Amendment, because defendant elected to proceed with counsel before the court ruled on defendant's request. Therefore, the trial court did not err and we affirm.

Affirmed.